J. S03006/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAVID THOMPSON, | : | No. 637 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, February 10, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0308212-1995

BEFORE:  FORD ELLIOTT, P.J.E., OTT AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 16, 2016**

David Thompson appeals, ***pro se***, from the February 10, 2015 order

dismissing his fourth petition filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, following his convictions of

first-degree murder, conspiracy, and possessing an instrument of crime. We

affirm.

The trial court provided the following procedural history:

> On October 26, 1995, following a jury trial
> before Judge Jane Cutler Greenspan, [appellant] was
> found guilty of murder of the first degree, possessing
> an instrument of crime, and criminal conspiracy.
> [Appellant] was sentenced to mandatory life
> imprisonment for murder of the first degree.  No
> further penalty was imposed on the charges of
> possessing an instrument of crime and criminal
> conspiracy.  At trial, [appellant] was represented by
> Charles P. Mirarchi III.

[Appellant] failed to file a timely direct appeal. His appellate rights were reinstated *nunc pro tunc* by the trial court. On June 18, 1997, the Pennsylvania Superior Court affirmed the judgments of sentence. On October 28, 1997, the Pennsylvania Supreme Court denied [appellant's] petition for allowance of appeal. [Appellant's] judgments of sentence became final on January 27, 1998, ninety days after the Pennsylvania Supreme Court denied allowance of appeal on his direct appeal and the time period for seeking discretionary review by the U.S. Supreme Court had expired.

Less than one year later, on April 14, 1998, [appellant] filed his first PCRA petition *pro se*. Counsel was appointed; that counsel subsequently filed a "no merit" letter pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988). On October 1, 1998, this court dismissed [appellant's] petition without an evidentiary hearing. On appeal, the Superior Court affirmed the denial of [appellant's] PCRA Petition.

According to the criminal docket, on December 15, 2004, [appellant] filed his second PCRA petition *pro se*. Counsel was subsequently appointed and filed a *Finley* letter. On September 23, 2005, [appellant's] petition was dismissed as frivolous. On or around February 2, 2006, [appellant] filed *pro se* his third PCRA petition, and on April 24, 2006, he filed a Memorandum of Law in support thereof. On August 31, 2007, Judge Greenspan issued a Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907 advising [appellant] of this court's intent to dismiss the petition for failure to demonstrate an exception to the statutory time-bar provided in the PCRA statute. On October 2, 2007, [appellant] filed a Response to this court's Notice under Rule 907. On November 13, 2007, Judge Cutler Greenspan filed an Opinion and Order dismissing [appellant's] Petition for Post Conviction Relief as untimely. On December 3, 2007, [appellant] filed a Notice of Appeal to the Superior Court. On September 5,

2008, the Superior Court affirmed the denial of [appellant's] PCRA petition. [Appellant's] petition for allowance of appeal was denied by the Supreme Court of Pennsylvania on January 20, 2009.

On or about May 6, 2013, [appellant] filed a *pro se* Motion for Post Conviction Collateral Relief and a Memorandum of Law in support thereof. On May 31, 2013, [appellant] filed a Motion to Amend Petition for Post Conviction Relief Pursuant to the Post Conviction Relief Act. Thereafter, Attorney Steven T. O'Hanlon was appointed to represent him. On October 4, 2014, Attorney O'Hanlon filed a *Finley* letter and Motion to Withdraw as Counsel. On January 20, 2015, this court issued a Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907 advising [appellant] of this court's intent to dismiss the petition. On February 10, 2015, this court dismissed [appellant's] PCRA petition for lack of merit. On March 2, 2015, [appellant] filed a timely Notice of Appeal.

Trial court opinion, 8/3/15 at 1-3 (footnotes omitted).

Appellant raises the following issues for our review:

1. Did the PCRA court error [sic] by dismissing the petitioner's new[ly] discovered evidence claim as no merit[?]

2. [Was] the probable cause of petitioner['s] arrest sufficient, base[d] on an absent Commonwealth's witness, who did not testified [sic] at preliminary, suppression hearing, nor trial, violated petitioner's U.S. Const., 6th Amendment right and PA Const. Article I, [] Section 9[?]

3. [Was] the Commonwealth evidence sufficient to convict petitioner's [sic] of first degree murder[?]

> 4. [Was] petitioner's trial counsel ineffective for failure to call defense witness "Nicole Peter" to show petitioner's innocence[?]

Appellant's brief at iii (capitalization omitted).

Having determined, after careful review, that the Honorable Steven R. Geroff, in his Pa.R.A.P. 1925(a) opinion of August 3, 2015, ably and comprehensively disposes of appellant's issues on appeal, with appropriate references to the record and without legal error, we will affirm on the basis of that opinion dismissing his serial PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2016

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL SECTION

COMMONWEALTH OF
PENNSYLVANIA

vs.

DAVID THOMPSON



**FILED**

AUG 0 3.2015

Criminal Appeals Unit
First Judicial District of PA

:
:
:

CP- 51-CR-0308212-1995

SUPERIOR COURT
NO. 637 EDA 2015

OPINION

GEROFF, J.                                                      AUGUST 3, 2015


Petitioner, David Thompson, has filed an appeal of this court's order denying his petition

pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §9541 *et seq.*.


## I. PROCEDURAL HISTORY

On October 26, 1995, following a jury trial before Judge Jane Cutler Greenspan,

Petitioner was found guilty of murder of the first degree, possessing an instrument of crime, and

criminal conspiracy. Petitioner was sentenced to mandatory life imprisonment for murder of the

first degree. No further penalty was imposed on the charges of possessing an instrument of

crime and criminal conspiracy. At trial, Petitioner was represented by Charles P. Mirarchi III.

Petitioner failed to file a timely direct appeal. His appellate rights were reinstated *nunc*

*pro tunc* by the trial court. On June 18, 1997, the Pennsylvania Superior Court affirmed the

judgments of sentence.[1]   On October 28, 1997, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal.[2]   Petitioner's judgments of sentence became final on January 27, 1998, ninety days after the Pennsylvania Supreme Court denied allowance of appeal on his direct appeal and the time period for seeking discretionary review by the U.S. Supreme Court had expired.[3]

Less than one year later, on April 14, 1998, Petitioner filed his first PCRA petition *pro se*. Counsel was appointed; that counsel subsequently filed a "no merit" letter pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).[4]   On October 1, 1998, this court dismissed Petitioner's petition without an evidentiary hearing. On appeal, the Superior Court affirmed the denial of Petitioner's PCRA Petition.[5]

According to the criminal docket, on December 15, 2004, Petitioner filed his second PCRA petition *pro se*. Counsel was subsequently appointed and filed a *Finley* letter. On September 23, 2005, Petitioner's petition was dismissed as frivolous. On or around February 2,

---

[1] *Commonwealth v. Thompson*, 700 A.2d 1029 (Pa. Super. 1997) (unpublished memorandum).
[2] *Commonwealth v. Thompson*, 550 Pa. 682, 704 A.2d 637 (1997).
[3] *See* U.S. Sup. Ct. R. 13.
[4] In *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927(1988), our Supreme Court held:

When, in the exercise of his professional judgment, counsel determines that the issues raised under the PCHA [Post Conviction Hearing Act] are meritless, and when the PCHA court concurs, counsel will be permitted to withdraw and the petitioner may proceed *pro se*, or by privately retained counsel, or not at all.
*Id.* at 928-29.

In *Commonwealth v. Finley*, 379 Pa. Super. 390, 550 A.2d 213 (1988), the Superior Court explained:

[T]he "independent review" necessary to assure a withdrawal request by PCHA counsel require[s] proof of:
1) A "no-merit" letter by PCHA counsel detailing the nature and extent of his review;
2) The "no merit" letter by PCHA counsel listing each issue the petitioner wished to have reviewed;
3) The PCHA counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;
4) The PCHA court conducting its own independent review of the record; and
5) The PCHA court agreeing with counsel that the petition was meritless.
*Id.* at 215.
[5] *Commonwealth v. Thompson*, 742 A.2d 212 (Pa. Super. 1999).

2

2006, Petitioner filed *pro se* his third PCRA petition, and on April 24, 2006, he filed a Memorandum of Law in support thereof. On August 31, 2007, Judge Greenspan issued a Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907 advising Petitioner of this court's intent to dismiss the petition for failure to demonstrate an exception to the statutory time-bar provided in the PCRA statute. On October 2, 2007, Petitioner filed a Response to this court's Notice under Rule 907. On November 13, 2007, Judge Cutler Greenspan filed an Opinion and Order dismissing the Petitioner's Petition for Post Conviction Relief as untimely. On December 3, 2007, Petitioner filed a Notice of Appeal to the Superior Court. On September 5, 2008, the Superior Court affirmed the denial of Petitioner's PCRA petition.[6] Petitioner's petition for allowance of appeal was denied by the Supreme Court of Pennsylvania on January 20, 2009.[7]

On or about May 6, 2013, Petitioner filed a *pro se* Motion for Post Conviction Collateral Relief and a Memorandum of Law in support thereof.[8] On May 31, 2013, Petitioner filed a Motion to Amend Petition for Post Conviction Relief Pursuant to the Post Conviction Relief Act. Thereafter, Attorney Steven T. O'Hanlon was appointed to represent him. On October 4, 2014, Attorney O'Hanlon filed a *Finley* letter and a Motion to Withdraw as Counsel. On January 20, 2015, this court issued a Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907 advising Petitioner of this court's intent to dismiss the petition. On February 10, 2015, this court dismissed Petitioner's PCRA petition for lack of merit. On March 2, 2015, Petitioner filed a timely Notice of Appeal.

## II. STANDARD OF REVIEW

The Post Conviction Relief Act requires that a post-conviction petition be filed within

---

[6] *Commonwealth v. Thompson*, 963 A.2d 575 (Pa. Super 2008).
[7] *Commonwealth v. Thompson*, 600 Pa. 745, 964 A.2d 895 (2009).
[8] On August 6, 2012, Petitioner filed a subsequent Post Conviction Relief Act Petition. On October 18, 2012, the following criminal docket entry was made: 'Return Case from Collection Agency – Court Request/Order.'

3

one year of the date the judgment becomes final. 42 Pa.C.S. § 9545 (b)(1). A judgment becomes final at the conclusion of direct review, including time to seek discretionary review before the Pennsylvania Supreme Court and the United States Supreme Court. 42 Pa.C.S. § 9545 (b)(3). The one-year limitation is exempted if a petitioner pleads and proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545 (b)(1)(i)-(iii).

Any petition invoking an exception to the one-year limitation must be filed within sixty days of the date the claim could be presented. 42 Pa.C.S. § 9545 (b)(2).

The Pennsylvania Supreme Court has ruled that Pennsylvania courts have no jurisdiction to hear untimely Post Conviction Relief Act petitions. *Commonwealth v. Hall*, 565 Pa. 92, 95, 771 A.2d 1232, 1234 (2001). Where the Post Conviction Relief Act petition is untimely, a petitioner must plead and prove that a one-year filing exception applies. *See Commonwealth v. Yarris*, 557 Pa. 12, 24, 731 A.2d 581, 587 (1999) (stating that all PCRA petitions, "including second and subsequent ones, must be filed within one year of the date on which the judgment became final, unless one of the three statutory exceptions ... applies").

## III. DISCUSSION

As a preliminary matter, the Petitioner's petition is untimely. Petitioner's judgment of sentence became final on January 27, 1998, the date on which the time period for seeking

4

discretionary review by the U.S. Supreme Court had expired. Petitioner's current PCRA petition was filed on May 6, 2013, over fifteen years after his judgment of sentence had become final; it is, therefore, time-barred under § 9545(b), unless one of the enumerated exceptions is satisfied.

Petitioner claims that he is eligible for relief pursuant to 42 Pa.C.S. § 9545(b)(1)(ii), under the after-discovered evidence exception. He also alleges that his petition is timely because he filed it within 60 days of obtaining an affidavit by Michael Woolfolk. Memorandum of Law in Support of Petition for Post Conviction Relief Pursuant to the Post Conviction Relief Act, 05/06/2013, p. 2. He explains that Michael Woolfolk was not known to him and that he could not have discovered him "as a witness through due diligence because Petitioner did not know Mr. Woolfolk."[9] *Id.* at 16. Petitioner also claims that District Attorney Gail Fairman violated his right to a fair trial "due to her misconception and misconduct behaviors, which in turn violated his right to due process of law." *Id.* at 1. In addition, Petitioner alleges ineffective assistance of all prior counsel.[10] *Id.*

Petitioner argues that had the alleged newly-discovered evidence been introduced, it would have changed the outcome of the trial. He claims that the proposed testimony of Michael Woolfolk would warrant granting a new trial because, in Petitioner's view, the affidavit demonstrates that the Petitioner and co-defendant did not share specific intent. Petitioner insists that the affidavit shows "the innocence and state of mind of Petitioner during the time Charles Byrd was killed." Memorandum of Law, 05/06/2013, p. 2. Petitioner explained that "Mr. Woolfolk as a witness would of [*sic*] convince[d] a jury that Petitioner did not have 'Shared

---

[9] Petitioner states that he met with Mr. Woolfolk while incarcerated. Memorandum of Law in Support of Petition for Post Conviction Relief Pursuant to the Post Conviction Relief Act, 05/06/2013, p. 2. It follows from Mr. Woolfolk's Affidavit that he and Petitioner had known each other in the past: Mr. Woolfolk states that he ran into Petitioner (whom he refers to as "Dink") in the "chow hall" in prison and that he had not seen Petitioner for about 20 years prior to that meeting. Memorandum of Law, 05/06/2013, Exhibit "A," p. 1[unnumbered].

[10] *See also* Motion to Amend Petition for Post Conviction Relief, 05/31/2013, pp. 1-4 in which Petitioner discusses ineffective assistance of his trial counsel for failure to call a defense witness "Nicole Peter" to show Petitioner's "state of mind of innocence."

5

Specific Intent' that is required by law to be guilty of murder of first degree. " *Id.* at 6.

In his Affidavit, Mr. Woolfolk states that he saw Petitioner ("Dink") and his co-defendant ("Bop") arguing "about some mess Bop got Dink into" the same day the decedent in this case was shot and killed by Petitioner's co-defendant. *Id.*, Exhibit A.[11]

This court finds that in his *Finley* letter, Attorney O'Hanlon correctly concluded that the alleged newly-discovered evidence did not make a strong *prima facie* showing that Petitioner is innocent and that a miscarriage of justice occurred. This court agrees with the attorney's conclusion that the newly-discovered evidence neither illustrates Petitioner's innocence nor negates the evidence presented at trial and that his petition is meritless.[12] This court, therefore, allowed Attorney O'Hanlon to withdraw as Petitioner's counsel.

Furthermore, Petitioner's claim of ineffective assistance of counsel does not place his petition within any of the enumerated exceptions to the one-year limitation. "[A] claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." *Commonwealth v. Fahy*, 558 Pa. 313, 330, 737 A.2d 214, 223 (1999). *See also Commonwealth v. Breakiron*, 566 Pa. 323, 334, 781 A.2d 94, 100 (2001) ("[O]ur Court has expressly rejected attempts to utilize ineffective assistance of counsel claims as a means of

---

[11] In his Affidavit, Mr. Woolfolk states, *inter alia*, "Dink drove Bop to the market, not knowing that Bop had this argument [with the decedent] earlier that day. I know because I was there during the early argument and after the shooting. .... Earlier that day, me, Cindy, and Bop was trying to get a ride and it escalated into something else causing Bop to shot [sic] the guy. Dink not knowing this drove Bop to the market. Dink just pop up at the wrong time." Memorandum of Law, 05/06/2013, Exhibit "A," p. 2[unnumbered]. Attorney O'Hanlon notes that Petitioner uses the Affidavit for the purpose of showing that he would not have been angry with his co-defendant if he had entered into a conspiracy with co-defendant to kill the decedent. *Commonwealth v. David Thompson*, CP-51-CR-0308212-1995, *Finley* Letter of No Merit, 10/04/2014, p. 2

[12] As Attorney O'Hanlon ably demonstrated in his *Finley* letter, Petitioner admitted to the police that his co-defendant used Petitioner's gun to kill decedent; Petitioner also admitted to the police that he told his co-defendant to "bust" the decedent, which was followed by the co-defendant's shooting and killing the decedent; there was an independent witness corroboration of this statement (that witness testified that Petitioner told his co-defendant to "slump" the decedent and get it over with); and Petitioner fled the crime scene with his co-defendant. *Commonwealth v. David Thompson*, CP-51-CR-0308212-1995, *Finley* Letter of No Merit, 10/04/2014, pp. 2-3.

escaping the jurisdictional time requirements for filing a PCRA Petition."). Petitioner cannot escape the jurisdictional time requirements for filing a PCRA Petition by raising an ineffective-assistance-of-counsel claim.

The instant petition was filed over fifteen years after the judgment of sentence in this case became final. It was time-barred from review, and the Petitioner has not demonstrated that one of the statutory exceptions applied.

## IV. CONCLUSION

Petitioner has failed to demonstrate any basis for relief. In the absence of any meritorious challenge that can be found in the reviewable record, Petitioner has failed to articulate his allegations in accordance with the requisites of a claim predicated upon newly-discovered evidence which could not have been ascertained by the exercise of due diligence as well as ineffective assistance of counsel. No relief is due.

For the foregoing reasons, Petitioner's petition for post-conviction collateral relief was properly dismissed.

BY THE COURT:

STEVEN R. GEROFF, J.

7